```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NETTIE M. CURRY,

                Plaintiff,            MEMORANDUM OPINION
                                          AND ORDER

        -against-                     06 Civ. 8319 (MGC)

AMERICAN INTERNATIONAL GROUP, INC.
PLAN NO. 502 and AMERICAN INTERNATIONAL
LIFE ASSURANCE COMPANY OF NEW YORK,

                Defendants.

-----------------------------------X

APPEARANCES:

        DWYER & BRENNAN
        Attorneys for Plaintiff
        7 Dey Street, Suite 1401
        New York, New York 10007

        By:  Kevin J. Brennan, Esq.


        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        Attorneys for Defendants
        3 Gannett Drive
        White Plains, New York 10604

        By:  Michelle M. Arbitrio, Esq.
```

**Cedarbaum, J.**

On September 10, 2008, summary judgment was granted in favor of Nettie Curry on her claim against American International Group, Inc. Plan No. 502 (the "Plan") and American International Life Assurance Co. of New York ("AI Life") for reinstatement of

long-term disability benefits. Curry v. Am. Int'l Group, Inc. Plan No. 502, --- F. Supp. 2d ---, 2008 WL 4202488, at *9 (S.D.N.Y. Sept. 10, 2008). As discussed in that opinion, I awarded Curry attorney's fees, costs, and prejudgment interest on her delayed disability payments. Id. at *8-*9. In accordance with that opinion, the parties have submitted proposed calculations of the monthly benefits due to Curry, a prejudgment interest rate, attorney's fees, and costs.

**I. Monthly Benefits**

Curry's monthly benefits under the Plan are calculated by subtracting income offsets from 70% of her monthly pre-disability earnings, which were $6,200. Curry receives $1,492 per month in Social Security disability benefits, an income offset. The parties agree that the calculated amount of Curry's monthly benefits under the Plan is $2,848.

Curry's benefits were terminated as of September 30, 2004. Thus, she is owed monthly benefit payments since October 1, 2004, which amounts to forty-eight payments plus prejudgment interest on each of those payments.

**II. Prejudgment Interest**

An appropriate prejudgment interest rate depends on the circumstances of each case. For example, the court may consider

whether the plaintiff could have invested the money owed to her at some higher rate, whether the plaintiff incurred costs as a result of the denial of her benefits, and what interest rate defendants would have paid to borrow the same amount of money withheld from the plaintiff. See Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 139-40 (2d Cir. 2000).

According to Curry's Declaration, she was forced to take out a loan to compensate for her loss of disability benefits and to cover legal expenses. That loan's interest rate is variable and has ranged from over 7% to under 5%. She was also unable to maintain her scheduled loan payments on two other loans, which had fixed interest rates of 5.5% and 6%. In addition, Curry states that she was forced to withdraw money from her IRA and sell other assets, thereby increasing her taxable income.

Defendants argue that the federal post-judgment interest rate (the "Treasury rate"), as set forth in 28 U.S.C. § 1961, is a fair and equitable rate, citing to other courts that have used the Treasury rate in setting prejudgment interest. That rate, which is equal to the weekly average one-year constant maturity Treasury yield, is compounded annually. However, defendants do not provide any specific reasons why the Treasury rate should apply in this case. They do not, for example, compare the Treasury rate with the rate of return on the investments of the Plan's funds.

Curry argues that in light of her financial situation and in the absence of proof of the rate of return on the Plan's investments, New York's 9% statutory interest rate, compounded monthly, should apply.  Under the statute, that 9% annual interest rate is not compounded.  N.Y. C.P.L.R. § 5004.  She argues that compounding the interest monthly is fairer because the defendants earned a return on her withheld benefits and the money earned from those withheld benefits.

I have concluded that a prejudgment interest rate of 5% per annum compounded annually is fair, equitable, and necessary to compensate Curry fully for her loss.  That rate is sufficient to compensate Curry for the loan that she took out after her benefits were terminated.  While the New York rate is certainly higher, it is not calibrated to the facts of this case and could be excessive.  Accordingly, a prejudgment interest rate of 5% per annum compounded annually will be applied to Curry's withheld benefits.

Curry was deprived of forty-eight benefit payments of $2,848 each, a total of $136,704.  Interest should begin accumulating on each payment as it becomes due.  Each payment is subject to the 5% per annum interest rate, compounded annually.  The sum of Curry's benefits payments plus prejudgment interest on each payment over the forty-eight month period equals $151,292.28.

**III. Attorney's Fees and Costs**

4

The lodestar method, in which a reasonable hourly rate is multiplied by the number of hours reasonably expended, is the most common starting point for determining reasonable attorney's fees. Seitzman v. Sun Life Assurance Co. of Can., 311 F.3d 477, 487 (2d Cir. 2002). Defendants argue that the prevailing hourly market rate for ERISA-related cases is $200, citing two cases from the Eastern District of New York involving pension fund contributions. Del Turco v. Taylor Tile Co., No. 03 civ. 5543, 2007 U.S. Dist. LEXIS 68358, at *13 (E.D.N.Y. Aug. 6, 2007) (pre-arranged hourly fee agreement between plaintiffs and their lawyers set at $200); Bricklayers Ins. & Welfare Fund v. Rocky's Constr., No. 06 civ. 1156, 2007 U.S. Dist. LEXIS 21767, at *6 (E.D.N.Y. Mar. 23, 2007). Curry contends that $400 is a reasonable hourly rate in this case. She cites two cases from this District involving disability benefits where the reasonable hourly rates for a law firm partner's work was found to be more than $400. Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) ($425); Winkler v. Metro. Life Ins. Co., No. 03 civ. 9656, 2006 U.S. Dist. LEXIS 56464, at *2 (S.D.N.Y. Aug. 10, 2006) ($430).

Curry's lawyer, Mr. Kevin J. Brennan, Esq., is a partner in the law firm of Dwyer & Brennan. According to his Declaration, he has nearly eighteen years of experience litigating ERISA cases. Given Mr. Brennan's record of experience and the examples

of similar hourly rates applied in this District to ERISA disability cases, I agree that $400 is a reasonable hourly rate.

The parties agree that Mr. Brennan's record of hours expended in this case is reasonable. I accept the number of hours that he would have billed Curry, 76.4, as the number of hours reasonably expended on this case. The lodestar amount is therefore $30,560, an amount that represents reasonable attorney's fees in this case.

The costs for this litigation, as indicated in Mr. Brennan's Declaration, are $390. Accordingly, Curry is awarded $30,950 in attorney's fees and costs.

## CONCLUSION

Judgment shall be entered in the amount of $151,292.28 plus $30,950 in attorney's fees and costs for a total of $182,242.28 for plaintiff and against defendants.

SO ORDERED.

Date:   New York, New York
        October 24, 2008

                                S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge